IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CRAIG A. ARMSTRONG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-376-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Craig A. Armstrong, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On February 22, 2013, in the 371st District Court, Tarrant County, Texas, Case No. 1284492D, pursuant to a plea bargain agreement, Petitioner pleaded guilty to one count of assault causing bodily injury to a member of his family or household with a prior such conviction and was placed on five years' deferred adjudication community supervision and assessed a $500 fine. Clerk's R. 25, ECF No. 20-9. Petitioner did not appeal the order of deferred adjudication. The state subsequently moved to adjudicate Petitioner's guilt based on a violation of the conditions of his community supervision. *Id.* at 32. On May 10, 2013, Petitioner pleaded not true to the violation but, after a hearing, the trial court found the allegation to be true, adjudicated Petitioner's guilt, and

assessed his punishment at six years' confinement in TDCJ. *Id.* at 41. Petitioner appealed the judgment adjudicating guilt, but, on April 3, 2014, the Second District Court of Appeals of Texas affirmed the trial court's judgment and, on June 12, 2014, denied his motion for rehearing. Mem. Op. 6, ECF No. 20-4; Order, ECF No. 20-3. Petitioner did not file a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals. Pet. 3, ECF No. 1; Docket Sheet 2, ECF No. 20-2. On October 21, 2016, Petitioner filed a postconviction state habeas-corpus application challenging the original plea proceedings and the adjudication proceedings, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.[1] Action Taken, ECF No. 20-13; SHR[2] 2, ECF No. 20-17. This federal petition for federal habeas relief was filed on May 9, 2018.[3] Pet. 10, ECF No. 1. Petitioner raises seven grounds for relief challenging both proceedings. Pet. at 6-7(B). Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. Resp't's Mot. to Dismiss 5-12, ECF No. 19.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion

---

[1] Typically, a state prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, Petitioner's application does not state the date he placed the document in the prison mailing system or the date, other than October 2016, that he signed it.

[2] "SHR" (state habeas record) refers to the record of Petitioner's state habeas proceeding in WR-86,713-01.

[3] Petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent Petitioner's claims relate to the original plea proceedings in February 2013, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the order of deferred adjudication became final upon expiration of the time that Petitioner had for filing a notice of appeal on March 24, 2013, and expired one year later on March 24, 2014, absent any tolling. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's postconviction state habeas application filed on October 21, 2016, over two years after the limitations period had expired, did not operate to toll limitations for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is time-barred as to any such claims unless equitable tolling is justified.

To the extent Petitioner's claims relate to the May 2013 adjudication proceedings, the one-

year limitations period began to run under subsection (A) on the date the judgment adjudicating guilt became final upon expiration of the time that Petitioner had for filing a PDR in the Texas Court of Criminal Appeals on July 12, 2014, 30 days after the court of appeals denied his motion for rehearing, and expired one year later on July 12, 2015, absent any tolling. *See* TEX. R. APP. P. 68.2(a) (providing a PDR "must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing . . . was overruled by the court of appeals"). Petitioner's postconviction state habeas application, filed on October 21, 2016, over a year after the limitations period had expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott*, 227 F.3d at 263. Thus, the petition as to any such claims is time-barred unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Toward that end, Petitioner asserts that–

> I tried to file a P.D.R. after []his appeal was mandated on August 8, 2014. I was out of time due to me waiting on the memorandum opion [sic] from the Court of Appeals Second District of Texas. Being that no opion [sic] was filed to my rehearing brief I had nothing to furnish as a response for my P.D.R. and once I had received that letter I tried to file the P.D.,R. but was out of time.

Pet'r's Reply 4, ECF No. 25. However, unfamiliarity with the legal process and procedures, including filing deadlines, is a common problem for prisoners pursuing postconviction relief and does not present exceptional circumstances or establish that a petitioner proceeded with due diligence. *See Johnson v. United States,* 544 U.S. 295, 311 (2005); *Felder v. Johnson,* 204 F.3d 168,

4

172 (5th Cir. 2000).

Petitioner also asserts that he is actually innocent of the offense because the 2010 "conviction" in Case No. 1190249, alleged in the indictment for enhancement of the underlying misdemeanor offense to felony status, was a deferred-adjudication case and was ultimately dismissed in accordance with a plea bargain agreement. Pet. 14, ECF No. 1; SHR 44, 51, ECF No. 20-17. However, Texas law, at all times relevant to this case, expressly provides for such enhancement, and the state courts found that Petitioner's offense was properly enhanced. SHR 58, ECF No. 20-17; TEX. PENAL CODE ANN. § 22.01(f)(1) (West Supp. 2014) (providing for purposes of the assault statute, "a defendant has been previously convicted of an offense . . . if the defendant was adjudged guilty of the offense or entered a plea of guilty . . . in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision"); *Ex parte Cooke,* 471 S.W.3d 827, 830-31 (Tex. Crim. App. 2015) (noting "[f]or purposes of the assault statute [referring to person "previously convicted of a family-violence assault], deferred adjudication is included within the term 'previously convicted'"). Nor does the Court find any support that the fact that the enhancement was later dismissed is of legal significance. Petitioner fails to establish that equitable tolling is warranted.

Absent any applicable tolling, Petitioner's federal petition was due on or before March 24, 2014, as to his claims relevant to the original plea proceedings, and due on or before July 12, 2015, as to his claims relevant to the adjudication proceedings. His petition filed on May 9, 2018, is therefore untimely in all respects.

**III. CONCLUSION**

For the reasons discussed, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be **GRANTED** and the petition **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 5th day of March, 2019.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**